■ In the Matter of SYLVIA MENDOZA, Appellant, v CHRISTIAN R. ADAMSON, Respondent. [656 NYS2d 504] —Mikoll, J. P. Appeal from an order of the Family Court of Montgomery County (Going, J.), entered January 26, 1995, which, *inter alia*, dismissed petitioner's cross application, in a proceeding pursuant to Family Court Act article 6, to relocate with the parties' child to another State.

The decision of Family Court denying petitioner the right to relocate with her child to California was based on the court's application of the "exceptional circumstances" criteria applied in relocation applications but, now, no longer applicable in view of the Court of Appeals' enunciation of a new standard of "best interests of the child" in *Matter of Tropea v Tropea* (87 NY2d 727).

We find the record sufficiently developed and elect to resolve the issue for the sake of judicial economy, rather than remitting the matter to Family Court. We conclude, as found by Family Court, that both parties clearly love the child and are concerned as to his best interest. Applying the other factors referenced in *Matter of Tropea v Tropea* (*supra*), that is, the reason for the move and opposition thereto, the effect the move will have on the child's relationship with respondent and the degree to which the child's life may be enhanced by the change economically, emotionally and educationally, we find that the move would not be in the child's best interest.

The child had been in New York for two years before the order to relocate was sought by petitioner. The time now approaches four years. We note that respondent has an extended family in this State with whom the child is intimately involved and who cherish him and warmly receive him. Respondent takes great interest in his son, offering child care and support for him. The environment the child is presently in is stable and beneficial.

On the other hand, there are no guarantees that petitioner will have a job available to her in California at this point, although she had an offer in 1994. Petitioner's desire to reunite with her family and friends, while understandable, offers no particular benefits to the child. He would be returning to virtual strangers. Unanswered are questions regarding the adequacy of child care while petitioner would be working in California and the quality of the educational system in which he would be placed. Both parents agree that school opportunities

in New York are better than those in California. Petitioner plans to live in California with either a friend or with her mother and borrow cars for the hour-long one-way commute to the job she had been offered. Petitioner would be leaving a job she presently has in New York to accomplish the move. While the California position offers more money, its existence, we note, is in serious question at this point.

Furthermore, the child's relationship with respondent would likely be totally destroyed considering the fairly limited financial resources of petitioner and respondent. We conclude that uprooting this child would not be in his best interest.

White, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.