■ In the Matter of ROBERT F. PIWOWAR, Appellant, v PATRICIA GLOSEK et al., Respondents. [862 NYS2d 672]—

Appeal from an order of the Supreme Court, Erie County (Deborah A. Haendiges, J.), entered May 11, 2007 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petitions for visitation with petitioner's children.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order granting the motion of respondents, the maternal grandparents and custodians of the three children, for summary judgment dismissing the father's petitions seeking visitation with the three children. We reject the father's contention that Supreme Court erred in granting the motion without conducting a hearing (see generally Matter of Russo v Russo, 282 AD2d 610 [2001]). The court is "not required to conduct an evidentiary hearing where . . . it is clear from the record that the court 'possesse[s] sufficient information to render an informed determination that [is] consistent with the child[ren's] best interests'" (Matter of Bogdan v Bogdan, 291 AD2d 909 [2002]; see also Matter of Oliver S. v Chemung County Dept. of Social Servs., 162 AD2d 820, 821-822 [1990]). At the time the petitions were filed, the father was incarcerated based upon his conviction of manslaughter in the first degree for bludgeoning and strangling his estranged wife, the mother of the children at issue herein. The record establishes that the father had caused the children profound distress by killing their mother, and that he previously had engaged in a pattern of domestic violence against the mother and the children, as well as other criminal activities involving non-family members. Further, the children indicated that they did not wish to visit the father, and the statement of the father that one of the children secretly expressed a desire to visit him was merely self-serving and insufficient to require a hearing on the petition. Present—Martoche, J.P., Centra, Lunn, Fahey and Pine, JJ.