■ In the Matter of NATHANIEL DOVE, JR., Respondent, v KATRICE M. ROSE, Appellant, et al., Respondent. (Appeal No. 1.) [895 NYS2d 898]—

Appeal from an order of the Family Court, Erie County (Marjorie C. Mix, J.H.O.), entered September 27, 2007 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted sole custody of the subject child to petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent mother appeals from an order that, inter alia, granted the amended petition seeking to modify a custody order by granting petitioner father sole custody of the parties' child and permitting the child to

relocate with the father to Arizona. In appeal No. 2, the mother appeals from an order that settled the record in appeal No. 1.

Addressing first the order in appeal No. 2, we reject the contention of the mother that the Judicial Hearing Officer (JHO) erred in settling the record to include a transcript from a family offense proceeding pursuant to Family Court Act article 8 commenced against the mother by the child's paternal grandfather, who is also a respondent in this proceeding. The JHO was entitled to consider the actions of the mother in the family offense proceeding in making her determination in appeal No. 1 and, indeed, we note that all the parties in the instant proceeding repeatedly referred to the events described in the transcript of the family offense proceeding (*see generally Matter of Nathaniel T.*, 67 NY2d 838, 841 [1986]; *Matter of Brittany K.*, 59 AD3d 952, 953 [2009], *lv denied* 12 NY3d 709 [2009]).

With respect to the order in appeal No. 1, we reject the mother's contention that the father failed to plead or to establish a change in circumstances sufficient to warrant modification of the existing custody order. The amended petition alleged that the mother's deteriorating mental health constituted a change in circumstances warranting modification of the prior order (*see generally Matter of Leo v Leo*, 39 AD3d 899, 900-901 [2007]), and thus the father alleged that the mother was "unfit, or perhaps less fit, to continue as the proper custodian" (*Obey v Degling*, 37 NY2d 768, 770 [1975]). Further, "[b]ased on the record, the [JHO] properly determined that [the mother presently] is less fit than [the father] and less able than [he] to provide for the child['s] stability and well-being" (*Matter of Longo v Wright*, 19 AD3d 1078, 1079 [2005]; *see generally Leo*, 39 AD3d at 900-902).

The further contention of the mother that she did not have notice of the allegations in the amended petition or an opportunity to be heard is belied by the record. Although the mother contends that the amended petition was filed without the proof of service required by 22 NYCRR 205.7, she waived that contention by appearing in the proceeding without at that time raising the defense of lack of personal jurisdiction (*see Matter of Taina M.*, 32 AD3d 210 [2006]; *Matter of Springs v Springs*, 234 AD2d 552 [1996]; *see also Matter of Ciampi v Sgueglia*, 252 AD2d 755, 757 n 2 [1998]).

The mother failed to preserve for our review her contention that she was deprived of a fair hearing based on various alleged errors committed by the JHO, and we reject her further contention that the JHO erred in granting permission for the child to relocate with the father. Although the JHO failed to include an

analysis of the factors she considered in making that determination, the record is sufficient to enable this Court to analyze the relevant factors and thus to determine the propriety of her decision (*see Matter of Burnham v Basta*, 241 AD2d 628, 629 [1997], *lv denied* 90 NY2d 812 [1997]; *Matter of Morlando v Morlando*, 240 AD2d 852 [1997], *lv denied* 91 NY2d 802 [1997]; *Matter of Mendoza v Adamson*, 238 AD2d 737 [1997]; *cf. Matter of Austin v Austin*, 254 AD2d 703 [1998]). Upon our review of those factors (*see generally Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]), we conclude that the father met his burden of establishing by a preponderance of the evidence that the proposed relocation would be in the best interests of the child (*see Matter of Wahlstrom v Carlson*, 55 AD3d 1399 [2008]).

We have considered the mother's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Carni, Pine and Gorski, JJ.