■ In the Matter of EARL B.G., Appellant, v SHENETTE T., Respondent. [924 NYS2d 334]—

Order, Family Court, New York County (Lori S. Sattler, J.), entered on or about April 13, 2010, which dismissed without prejudice petitioner father's violation petition, granted respondent mother's petition to modify a visitation order of the same court (Karen I. Lupuloff, J.), entered on or about September 6, 2007, and terminated the subject child's visits with the father until further court order, unanimously affirmed, without costs.

There was a sound basis for the court's determination that the circumstances had changed sufficiently to modify the original visitation order. It was clear from the record that the

incarcerated father behaved in a threatening and inappropriate manner in court, and that he was transferred to various maximum security disciplinary facilities due to what prison authorities viewed as serious infractions. The record also discloses that the mother had unsuccessfully attempted to find an adult to accompany the child on the 16-hour trip to visit the father in prison. The court's determination was entitled to deference (*see Matter of Celenia M. v Faustino M.*, 77 AD3d 486 [2010], *lv denied* 16 NY3d 702 [2011]).

The father's due process rights were not violated where he was permitted to participate in the visitation modification proceedings via videoconferencing (*see Matter of Arlenys B. [Aneudes B.]*, 70 AD3d 598, 599 [2010]). Given the father's conduct and the court's concern for safety, the court providently exercised its discretion in directing that the father participate only by videoconference. Moreover, the father's attorney was present during the proceedings and the father had the opportunity to question the mother about visitation (*see id.*).

We have considered the father's remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.