# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1140**
**CAF 10-01607**
PRESENT: FAHEY, J.P., CARNI, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF ANDREW D. AYEN,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

KIMBERLY S. SAIN AND CHRISTINA MCCONNELL,
RESPONDENTS-RESPONDENTS.

---

BETZJITOMIR & BAXTER, LLP, BATH (SUSAN BETZJITOMIR OF COUNSEL), FOR
PETITIONER-APPELLANT.

PALOMA A. CAPANNA, PENFIELD, FOR RESPONDENT-RESPONDENT CHRISTINA
MCCONNELL.

KIMBERLY A. WOOD, ATTORNEY FOR THE CHILD, WATERTOWN, FOR MELERINA M.M.

--------------------------------------------------------------------------------

Appeal from an order of the Family Court, Jefferson County
(Richard V. Hunt, J.), entered July 13, 2010 in a proceeding pursuant
to Family Court Act article 6. The order denied and dismissed the
petition.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act
article 6, petitioner father appeals from an order dismissing his
petition seeking visitation with his daughter at the facility where he
is incarcerated. Although we note at the outset that the notice of
appeal recites an incorrect entry date for the order contained in the
record and from which the father purports to appeal, we nevertheless
exercise our discretion to treat the notice of appeal as valid
inasmuch as all of the father's contentions on appeal concern the
order contained in the record (*see Matter of Nicole J.R. v Jason M.R.*,
81 AD3d 1450, 1451, *lv denied* 17 NY3d 701; *see generally* CPLR 5520
[c]). The father failed to preserve for our review his contention
that he was deprived of a fair hearing based on judicial misconduct
(*see generally Matter of Dove v Rose*, 71 AD3d 1411, 1412; *Matter of
August ZZ.*, 42 AD3d 745, 747). We reject the further contention of
the father that he was denied effective assistance of counsel. "The
[father] failed to demonstrate that [he] was prejudiced by the alleged
deficiencies in [his] attorney's performance" (*Matter of Nagi T. v
Magdia T.*, 48 AD3d 1061, 1062). Indeed, many of those alleged
deficiencies were strategic decisions by the father's attorney that
will not be second-guessed by this Court (*see Matter of Katherine D. v

*Lawrence D.*, 32 AD3d 1350, 1351-1352, *lv denied* 7 NY3d 717), and "the record reflects that [his] attorney 'provided meaningful and competent representation' " (*Nagi T.*, 48 AD3d at 1062).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court