# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1031**
**CAF 15-00547**
PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND CURRAN, JJ.

---

IN THE MATTER OF JEREMY D. OTROSINKA,
PETITIONER-APPELLANT,

V                                         MEMORANDUM AND ORDER

CHRISTIAN HAGEMAN, RESPONDENT-RESPONDENT.

---

ELIZABETH CIAMBRONE, BUFFALO, FOR PETITIONER-APPELLANT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Mary G.
Carney, J.), entered March 18, 2015 in a proceeding pursuant to Family
Court Act article 6. The order, among other things, dismissed the
petition of petitioner seeking visitation with the parties' children.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by vacating the second ordering
paragraph and as modified the order is affirmed without costs.

Memorandum: Petitioner father appeals from an order dismissing
his petition for visitation and imposing two conditions precedent to
any attempt by him to file another petition. Contrary to the father's
contention, Family Court did not err in granting the motion of the
Attorney for the Children to dismiss the petition. At the time the
father filed his petition, he was incarcerated in Michigan, and he
admitted that he had at least 10 more years of incarceration before he
would be released. Prior to his incarceration, the children had been
removed from his care in August 2009 while a neglect proceeding was
commenced against him. The father ultimately admitted that he
"engaged in inappropriate behavior" with the children's older half
sister, and an order of protection preventing any communication
between the father and the children expired in February 2012. Even
after that order expired, the father had little to no contact *from* the
children. We thus conclude that, despite the presumption in favor of
visitation (*see Matter of Cierra L.B. v Richard L.R.*, 43 AD3d 1416,
1416-1417), "[a]n evidentiary hearing was not required herein because
it is clear from the record that the court possessed sufficient
information to render an informed determination that was consistent
with the child[ren]'s best interests . . . , particularly in view of
the lengthy period of [the father's] incarceration . . . , [and] the
virtually nonexistent previous relationship of petitioner with his
[children]" following their removal from his custody (*Matter of*

*Marmolejo v Calabrese*, 23 AD3d 1122, 1123 [internal quotation marks omitted]; *see Matter of Piwowar v Glosek*, 53 AD3d 1121, 1122; *Matter of Bogdan v Bogdan*, 291 AD2d 909, 909).

Contrary to the father's further contention, his constitutional right to due process was not violated. "It is well established that prisoners do not have an absolute constitutional right to be present in their own civil actions" (*Cook v Boyd*, 881 F Supp 171, 175, *affd* 85 F3d 611, *cert denied* 519 US 891, *reh denied* 519 US 1024; *see Matter of Giovannie M.-V.*, 35 AD3d 1244, 1245; *Matter of Danielle M.*, 26 AD3d 748, 748-749, *lv denied* 7 NY3d 703; *see also* Civil Rights Law § 79 [2]). Nevertheless, it is also recognized that, "[u]nlike a basic civil action claim . . . , a person has a fundamental liberty interest in maintaining a parental relationship with his [or her] children" (*Cook*, 881 F Supp at 175). As a result, "[d]ue process must thus be afforded to an individual who is having his [or her] parental rights challenged" (*id.*). We conclude that the father was afforded the requisite due process inasmuch as he was represented by an attorney who participated in the proceedings (*see id.; see also Matter of Raymond Dean L.*, 109 AD2d 87, 90). We note that the court attempted to secure the father's presence electronically at the relevant court appearances, but on one occasion was unable to do so when prison officials failed to answer any of the four calls placed by the court to the facility (*see Matter of Earl B.G. v Shenette T.*, 84 AD3d 672, 673). Finally, we also note that the father was not excluded from participation in any hearing, inasmuch "as no hearing was held" (*Matter of Mary GG. v Alicia GG.*, 106 AD3d 1410, 1411, *lv denied* 21 NY3d 863).

Contrary to the father's contention, he was not denied effective assistance of counsel. Although the father's attorney was unable to appear in court for a few of the initial appearances owing to a conflict in her schedule and her maternity leave, she obtained stand-in counsel and appeared on his behalf to argue in opposition to the motion to dismiss. The attorney established that the father had previously lived with the children, wrote to them frequently, and had once received a response from one of the boys. That the attorney's arguments in opposition to the motion and in favor of a hearing were unsuccessful does not establish that the attorney's representation was less than meaningful. Care must be taken "to distinguish between true ineffectiveness and losing tactics or unsuccessful efforts in advancing appropriate [arguments]" (*People v Stultz*, 2 NY3d 277, 283, *rearg denied* 3 NY3d 702; *see Matter of Amanda M.*, 28 AD3d 813, 815). "The record offers no evidence that counsel failed to communicate with the father or that the father provided counsel with any relevant facts other than those alleged in the original petition" (*Matter of Perry v Perry*, 52 AD3d 906, 907, *lv denied* 11 NY3d 707). Under the circumstances of this case, we conclude that the "attorney provided meaningful and competent representation" (*Matter of Ayen v Sain*, 89 AD3d 1440, 1440 [internal quotation marks omitted]; *see Matter of Secrist v Brown*, 83 AD3d 1399, 1400, *lv denied* 17 NY3d 706).

Finally, we agree with the father that the court erred in sua

sponte imposing conditions restricting him from filing new petitions. It is well settled that "[p]ublic policy mandates free access to the courts" (*Matter of Shreve v Shreve*, 229 AD2d 1005, 1006), but " 'a party may forfeit that right if she or he abuses the judicial process by engaging in meritless litigation motivated by spite or ill will' " (*Matter of McNelis v Carrington*, 105 AD3d 848, 849, *lv denied* 21 NY3d 861; *see Matter of Pignataro v Davis*, 8 AD3d 487, 489; *Shreve*, 229 AD2d at 1006).  Here, however, there is no basis in the record from which to conclude that the father had engaged in meritless, frivolous, or vexatious litigation, or that he had otherwise abused the judicial process (*see Matter of Price v Jenkins*, 99 AD3d 915, 915; *Matter of Casolari v Zambuto*, 1 AD3d 1031, 1031; *see also Matter of Wieser v Wieser*, 83 AD3d 950, 950-951).  We thus modify the order by vacating the second ordering paragraph.

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court