Matter of Lakeya P. v Ajja M. (2019 NY Slip Op 00761)





Matter of Lakeya P. v Ajja M.


2019 NY Slip Op 00761


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND CURRAN, JJ.


1197 CAF 16-01443

[*1]IN THE MATTER OF LAKEYA P., PETITIONER-RESPONDENT,
v
AJJA M., RESPONDENT-APPELLANT, EDWARD M., AND ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, RESPONDENTS-RESPONDENTS. (APPEAL NO. 2.) 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL), FOR RESPONDENT-RESPONDENT ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES. 
JOHN G. KOSLOSKY, UTICA, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered May 31, 2016 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner sole legal and physical custody of Wade M. and Edward M. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the second ordering paragraph to the extent that it delegates authority to petitioner to determine the duration and frequency of respondent Ajja M.'s supervised visitation with the children and vacating the sixth ordering paragraph, and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: In appeal No. 1, respondent mother appeals from an order that, inter alia, terminated the placement of the four subject children with the Onondaga County Department of Children and Family Services (DCFS), which is the petitioner in appeal No. 1 and a respondent in appeal Nos. 2 and 3. In appeal No. 2, the mother appeals from an order that, inter alia, granted sole legal and physical custody of the youngest two subject children to petitioner Lakeya P., their aunt. In appeal No. 3, the mother appeals from an order that, inter alia, granted sole legal and physical custody of the oldest two subject children to petitioner Denise E., their great aunt.
The mother's contention in appeal No. 1 that Family Court erred by imposing in two prior permanency orders concurrent and contradictory permanency goals—i.e., directing that DCFS "concurrently" plan for the goal of permanent placement of the children with a relative as well as for the goal of reunification with the mother—is not properly before us inasmuch as the mother did not appeal from those permanency orders (see generally Matter of Amollyah B. [Tiffany R.], 161 AD3d 1558, 1558 [4th Dept 2018]; Matter of Arkadian S. [Crystal S.], 130 AD3d 1457, 1458 [4th Dept 2015], lv dismissed 26 NY3d 995 [2015]). We therefore dismiss the appeal from the order in appeal No. 1 (see generally Pethick v Pethick, 90 AD3d 1696, 1696 [4th Dept 2011]; Abasciano v Dandrea, 83 AD3d 1542, 1542-1543 [4th Dept 2011]).
With respect to appeal Nos. 2 and 3, we reject the mother's contention that the court erred in denying her attorney's request for an adjournment when the mother failed to appear for the last day of trial. "It is well settled that the determination whether to grant a request for an adjournment for any purpose is a matter resting within the sound discretion of the trial court" [*2](Matter of Sanchez v Alvarez, 151 AD3d 1869, 1869 [4th Dept 2017]). Here, the mother's attorney requested an adjournment on the ground that the mother was being evicted from her apartment and thus could not appear in court that day. The mother's caseworker, however, testified that the eviction had been pending for some time, and the attorney conceded that it did not appear that marshals had actually been dispatched to remove the mother from her apartment. In light of those facts, and the mother's history of leaving while the proceedings were in progress, we conclude that the court did not abuse its discretion in denying the request for an adjournment (see Matter of Sophia M.G.-K. [Tracy G.-K.], 84 AD3d 1746, 1747 [4th Dept 2011]; Matter of Sanaia L. [Corey W.], 75 AD3d 554, 555 [2d Dept 2010]).
We also reject the mother's contention that the record did not support a finding of extraordinary circumstances necessary to justify an award of custody to a nonparent. "It is well established that, as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (Matter of Gary G. v Roslyn P., 248 AD2d 980, 981 [4th Dept 1998]; see Matter of Braun v Decicco, 117 AD3d 1453, 1454 [4th Dept 2014], lv dismissed in part and denied in part 24 NY3d 927 [2014]). A determination that extraordinary circumstances exist may be based on, inter alia, a parent's failure to address serious mental health issues (see Matter of Thomas v Armstrong, 144 AD3d 1567, 1568 [4th Dept 2016], lv denied 28 NY3d 916 [2017]; Matter of Johnson v Streich-McConnell, 66 AD3d 1526, 1527 [4th Dept 2009]).
Here, in determining that extraordinary circumstances existed, the court relied on the circumstances underlying the initial finding of neglect, including that the mother suffered from acute depression and reported suicidal thoughts but refused treatment and that, after the children's subsequent removal by DCFS, she admitted that her untreated mental health conditions made her incapable of caring for the children. The court further found that, in the nearly two years since the children's removal, the mother had "wholly failed" to "participate and progress" in needed mental health services. After reviewing the record, we conclude that the court properly determined that petitioners in appeal Nos. 2 and 3 (petitioners) met their burden of establishing the existence of extraordinary circumstances (see Thomas, 144 AD3d at 1568).
We agree, however, with the mother that the court erred in granting her only so much supervised contact as was "deemed appropriate" by petitioners. The court is "required to determine the issue of visitation in accord with the best interests of the children and fashion a schedule that permits a noncustodial parent to have frequent and regular access" (Matter of Aida B. v Alfredo C., 114 AD3d 1046, 1049 [3d Dept 2014]). "In so doing, the court may not delegate its authority to make such decisions to a party" (id.), which the court did here by delegating to petitioners its authority to set a supervised visitation schedule. We therefore modify the orders in appeal Nos. 2 and 3 accordingly and remit the matter to Family Court to determine the supervised visitation schedule.
Finally, we agree with the mother that the court erred in ordering that any petition filed by the mother to modify or enforce the custody orders must have a judge's permission to be scheduled. "Public policy mandates free access to the courts" (Matter of Shreve v Shreve, 229 AD2d 1005, 1006 [4th Dept 1996]), and it is error to restrict such access without a finding that the restricted party "engaged in meritless, frivolous, or vexatious litigation, or . . . otherwise abused the judicial process" (Matter of Otrosinka v Hageman, 144 AD3d 1609, 1611 [4th Dept 2016]). Here, it is undisputed that the mother had not commenced any frivolous proceedings. In the absence of such a finding, it was error for the court to restrict the mother's access to the court, and we thus modify the orders in appeal Nos. 2 and 3 by vacating the sixth ordering paragraph of each order (see id.; Matter of Schermerhorn v Quinette, 28 AD3d 822, 823 [3d Dept 2006]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court