In the Matter of RICHARD SHREVE, Appellant, v SHIRLEY SHREVE, Respondent. [645 NYS2d 198] —Order unanimously modi-

fied on the law and as modified affirmed without costs in accordance with the following Memorandum: Petitioner appeals from an order of Family Court that, *inter alia,* ordered that he shall not file any more petitions in that court without the consent of the Law Guardian. The court also ordered that petitioner "shall not be on the second floor of the Courthouse building except for the purpose of attending scheduled court appearance". Petitioner argues that those provisions of the order should be vacated because, by enjoining him from filing new petitions, the court violated his right to access to the courts.

Public policy mandates free access to the courts. However, when a litigant is "abusing the judicial process by hagriding individuals solely out of ill will or spite, equity may enjoin such vexatious litigation" (*Sassower v Signorelli,* 99 AD2d 358, 359). Thus, "[m]any courts have found it necessary to enjoin *pro se* litigants from commencing or continuing any further actions when it was found those litigants were abusing the judicial process" (*Spremo v Babchik,* 155 Misc 2d 796, 803, *mod on other grounds* 216 AD2d 382, *lv denied* 86 NY2d 709, *cert denied* — US —, 116 S Ct 1048). Here, the court was exasperated by petitioner's filing of numerous petitions in a short period of time in this custody and visitation case. While the court may have properly restricted petitioner from filing new petitions until leave of the court was obtained or unless he was represented (*see, Muka v New York State Bar Assn.,* 120 Misc 2d 897, 904), we conclude that the court erred in ordering petitioner not to file any petitions in the court without the consent of the Law Guardian. The Law Guardian is the appointed advocate for the child, whose interests are separate from those of either parent; the Law Guardian should not at the same time be required, in a quasi-judicial capacity, to pass upon the merits of petitioner's petitions. We therefore modify the order by vacating the fifth ordering paragraph. (Appeal from Order of Allegany County Family Court, Feeman, Jr., J.—Visitation.) Present—Pine, J. P., Fallon, Doerr, Davis and Boehm, JJ.