■ In the Matter of JOHN J. JACKSON, JR., Appellant, v PETER GANGI et al., Respondents. [716 NYS2d 96] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau

County (Pudalov, J.), dated December 12, 1997, which, without a hearing, dismissed his petition to modify a consent order of visitation of the same court, entered June 11, 1996.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner's contention that he was entitled to a hearing is without merit. "A hearing is not automatically required whenever a parent seeks modification of a custody order" (*Matter of Wurmlinger v Freer,* 256 AD2d 1069). "[A] person who seeks such a change must make some evidentiary showing to warrant a hearing" (*David W. v Julia W.,* 158 AD2d 1, 7). The petitioner, who was represented by counsel and who signed the consent order of visitation after extensive negotiations, failed to make any showing that a hearing was required.

The petitioner's remaining contentions are not properly before us on this appeal. He cannot collaterally attack the provisions of the June 11, 1996, consent order of visitation on this appeal. Santucci, J. P., Sullivan, Altman and Krausman, JJ., concur.