■ In the Matter of LISA PIGNATARO, Appellant, v GLEN DAVIS, Respondent. [778 NYS2d 528]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Lawrence, J.), dated September 19, 2003, as dismissed a petition dated February 4, 2003, alleging that the father violated certain provisions of a custody and visitation order of the same court dated May 14, 2002, a petition dated April 18, 2003, alleging additional viola-

tions of the order dated May 14, 2002, and, in effect, a petition dated July 25, 2003, for a modification of custody, and prohibited the mother from filing any further petitions or motions regarding custody or visitation without the prior written permission of the Family Court.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties both filed petitions for custody of the subject child. By order of the Family Court dated May 14, 2002, after a more than two-year trial, the father was awarded custody of the child with visitation to the mother.

Shortly thereafter, the mother filed the three petitions relevant to this appeal. The first two alleged various violations of the order dated May 14, 2002. The third petition, in effect, amplified and particularized the violations alleged in the prior two petitions, and sought a modification of custody. All three petitions demonstrated the mother's continuing hostility toward the father, and her propensity for commencing litigation over minor infractions. After examining the parties, the Family Court dismissed the petitions and prohibited the mother from filing any further petitions or motions regarding custody or visitation without its prior written permission. We affirm.

Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of Dow v Dow*, 306 AD2d 529, 530 [2003]). A full evidentiary hearing is not automatically necessary whenever a parent seeks modification of a custody order (*see Matter of Jackson v Gangi*, 277 AD2d 383, 384 [2000]; *Matter of Wurmlinger v Freer*, 256 AD2d 1069 [1998]). In the petition dated July 25, 2003, for a modification of the custody order the mother failed to allege a change in circumstances, and, therefore, no hearing was warranted (*see Matter of Jackson v Gangi, supra*). Moreover, the Family Court recently presided over the parties' custody trial, and this petition was effectively seeking reargument of the original custody order. Thus, the Family Court was well acquainted with the parties' relative fitness without the need for a further hearing.

The two petitions dated February 4, 2003, and April 18, 2003, respectively, alleged, inter alia, that the father did not always drop off the child for visitation in accordance with the custody and visitation order, and withheld visitation on several dates. The Family Court has broad discretion in fashioning a remedy in matters of custody and visitation, with the paramount

concern being the best interests of the child (*see Eschbach v Eschbach, supra; Matter of Wright v LaRose*, 271 AD2d 615 [2000]). The Family Court properly reminded the father to abide by his visitation obligations. Therefore, those petitions were properly dismissed.

The Family Court providently exercised its discretion in barring the mother from making future custody or visitation applications without its prior written approval. Public policy generally mandates free access to the courts (*see Sassower v Signorelli*, 99 AD2d 358, 359 [1984]). However, a party may forfeit that right if he or she abuses the judicial process by engaging in meritless litigation motivated by spite or ill will (*see Duffy v Holt-Harris*, 260 AD2d 595 [1999]; *Matter of Shreve v Shreve*, 229 AD2d 1005 [1996]). There is ample basis in the record to support the Family Court's determination to prevent the mother from engaging in further vexatious litigation. Santucci, J.P., S. Miller, Schmidt and Fisher, JJ., concur.