■ In the Matter of MADHU S., Appellant, v TAIJWAITE S., Respondent. [788 NYS2d 171]—

In related proceedings, inter alia, pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Kings County (Freeman, J.), dated October 22, 2003, which, in effect, denied his petitions to modify an order of the same court dated May 27, 2003, awarding the mother custody of two of the parties' children, and (2) an order of the same court, also dated October 22, 2003, which prohibited him from filing any further petitions, applications, or motions relating to his wife or children without certification from his counsel that the factual allegations and claims asserted therein were not frivolous as defined in 22 NYCRR 130-1.1 (c), and further directed that he file no pro se applications without leave of the court. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves to be relieved of the assignment to prosecute these appeals.

Ordered that the first order dated October 22, 2003, is affirmed, without costs or disbursements; and it is further,

Ordered that the second order dated October 22, 2003, is modified, on the law, by deleting the provision thereof which prohibited the appellant from filing any further petitions, applications, or motions relating to his wife or children without certification from his counsel that the factual allegations and claims asserted therein are not frivolous as defined in 22 NYCRR 130-1.1 (c); as so modified, the second order dated October 22, 2003, is affirmed, without costs or disbursements.

We have reviewed the record and agree with the father's assigned counsel that there are no nonfrivolous issues which could be raised on the appeal from the first order dated October 22, 2003, which, in effect, denied his petitions to modify an order of the same court dated May 23, 2003, awarding the mother custody of two of the parties' children. Counsel's application for leave to withdraw as counsel on the appeal from the first order is granted (*see Anders v California,* 386 US 738 [1967]; *Matter of Bianca C.,* 309 AD2d 932 [2003]).

However, based upon this Court's independent review of the record on appeal, we conclude that, with respect to the second order dated October 22, 2003, the Family Court improvidently exercised its discretion by prohibiting the father from filing any

further applications relating to his wife or children without certification from his counsel that the factual allegations and claims asserted therein were not frivolous as defined in 22 NYCRR 130-1.1 (c). While the Family Court has broad discretion to limit a party's otherwise free access to the courts where that party abuses the judicial process by engaging in meritless litigation (*see Matter of Pignataro v Davis*, 8 AD3d 487 [2004]), in this case, the Family Court itself should be able to assess whether any future proposed filings of the father are frivolous. To impose the additional requirement that the father engage counsel to investigate the bona fides of his allegations could, as a practical matter, impose an unwarranted financial restriction on the father's access to the courts.

We decline to grant that branch of the assigned counsel's motion which was for leave to withdraw as counsel on the appeal from the second order dated October 22, 2003, since the mother and the Law Guardian already have submitted written positions on the merits of the issue presented. Under the particular circumstances of this case, we see no purpose to be served by further delaying these proceedings. Accordingly, that branch of the assigned counsel's motion which was for leave to withdraw as counsel on the appeal from the second order dated October 22, 2003, is denied. H. Miller, J.P., Crane, Spolzino and Skelos, JJ., concur.