■ In the Matter of RICHARD SIMPSON, Appellant, v BEATA PTASZYNSKA, Respondent. [836 NYS2d 419]—

In related proceedings, inter alia, pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Morgenstern, J.), dated June 16, 2003, as, in effect, denied, without a hearing, those branches of his petition and separate motion which were to modify a prior order of custody and visitation and directed him to seek permission of the court before re-filing any petition or motion.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contention, the Family Court properly, in effect, denied, without a hearing, those branches of his petition and separate motion which were to modify a prior order of custody and visitation. One who seeks to modify an existing order of custody and visitation is not automatically entitled to a hearing, but must make some evidentiary showing sufficient to warrant a hearing (see Matter of Goldberg v Goldberg, 300 AD2d 585 [2002]; David W. v Julia W., 158 AD2d 1

[1990]). Here, the father failed to provide any evidence to demonstrate a change of circumstances which would warrant a hearing on those branches of his petition and separate motion which were to modify a prior order of custody and visitation.

Moreover, while public policy mandates free access to the courts, "when a litigant is 'abusing the judicial process by hagriding individuals solely out of ill will or spite, equity may enjoin such vexatious litigation'" (*Matter of Shreve v Shreve*, 229 AD2d 1005, 1006 [1996], quoting *Sassower v Signorelli*, 99 AD2d 358, 359 [1984]). Here, the Family Court properly directed the father to seek permission of the court before re-filing any petitions or motions (*see Matter of Kevin W. v Monique T.*, 38 AD3d 672, 673 [2007]; *Matter of Pignataro v Davis*, 8 AD3d 487, 489 [2004]; *Matter of Manwani v Manwani*, 286 AD2d 767, 768-769 [2001]).

The father's remaining contentions are without merit. Crane, J.P., Ritter, Lifson and Balkin, JJ., concur.