MARIA F. MILONE, Appellant, v ANGELO J. MILONE, Respondent. [857 NYS2d 673]—

In a matrimonial action in which the parties were divorced by judgment dated November 25, 2002, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Scarpino, Jr., J.), entered September 12, 2007, as granted that branch of the defendant's motion which was to direct her to comply with the visitation provisions contained in the parties' settlement agreement which was incorporated but not merged into the judgment of divorce.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was to direct the plaintiff to comply with the visitation provisions contained in the settlement agreement is denied.

In a settlement agreement that was incorporated but not merged with the parties' judgment of divorce, the plaintiff, who was awarded physical custody of the parties' children, essentially agreed that she would not "do anything which [might] estrange the children from" the defendant, who was awarded certain visitation. When the children, who were both 10 years old, began resisting visitation, the defendant, asserting that the plaintiff "poisoned" the children's minds and turned them against him, moved, inter alia, to direct the plaintiff to comply with the visitation provisions contained in the settlement agreement.

The Supreme Court should have denied that branch of the defendant's motion which was to direct the plaintiff to comply with such visitation provisions. It might be appropriate to direct a custodial parent to comply with such visitation provisions when that parent is interfering with the noncustodial parent's visitation rights (*see Nash v Yablon-Nash,* 16 AD3d 471 [2005]; *Matter of Pignataro v Davis,* 8 AD3d 487, 488-489 [2004]). Here, however, the defendant failed to offer any evidence showing, or even tending to show, that the plaintiff was "estrang[ing] the children from" him. In fact, the evidence actually shows that the plaintiff was encouraging the children to have a relationship with the defendant. Accordingly, there was no need to direct the plaintiff to comply with the visitation provisions in question since the evidence demonstrated that she was already doing so. Fisher, J.P., Covello, Angiolillo and Belen, JJ., concur.