■ TERESA VOGELGESANG, Respondent, v ARTHUR VOGELGESANG, Appellant. [896 NYS2d 906]—In a matrimonial action in which the parties were divorced by judgment entered October 18, 2006, the defendant appeals from an order of the Supreme Court, Queens County (Flaherty, J.), entered September 25, 2008, which denied his motion, in effect, to vacate the judgment of divorce for failure to comply with 22 NYCRR 202.48.

In a matrimonial action in which the parties were divorced by judgment entered October 18, 2006 (matter No. 1), and a related proceeding pursuant to CPLR article 52 to enforce a money judgment entered July 12, 2007, by the Family Court, Queens County, representing child support arrears owed by the father (matter No. 2), the former husband/father appeals (1) from an order of the Supreme Court, Queens County (Flaherty, J.), entered February 10, 2009, which denied his motion, inter alia, to vacate the equitable distribution provisions of the judgment in matter No. 1, in effect, pursuant to CPLR 5015 (a) (2), or, in the alternative, to compel the former wife to transfer to him her interest in real property awarded to him by that judgment, and, sua sponte, enjoined him from filing any further actions or motions in the matrimonial action without the prior written permission of the court where the action or motion is to be filed, (2), as limited by his brief, from so much of an order of the same court entered March 30, 2009, as, in effect, upon reargument, adhered to an original determination in an order dated February 6, 2008, denying those branches of his prior motion which were to vacate the child support and maintenance provisions of the judgment in matter No. 1, and (3) from an order and judgment (one paper) of the same court entered June 24, 2009, which granted the petition in matter No. 2 and, inter alia, directed the sale of certain real property pursuant to CPLR 5206 (e).

Ordered that on the Court's own motion, the notice of appeal from so much of the order entered February 10, 2009, as, sua sponte, enjoined the appellant from filing any further actions or motions in the matrimonial action without the prior written permission of the court where the action or motion is to be filed, is deemed an application for leave to appeal, and leave to appeal from that portion of the order is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order entered February 10, 2009, is affirmed; and it is further,

Ordered that the order entered March 30, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that the order and judgment entered June 24, 2009, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent Teresa Vogelgesang.

To succeed on a motion to vacate a judgment on the ground of newly discovered evidence, the movant must establish, among

other things, that the evidence could not have been discovered earlier through the exercise of due diligence (*see* CPLR 5015 [a] [2]; *Matter of State Farm Ins. Co. v Colangelo*, 44 AD3d 868 [2007]). Here, the appellant failed to establish that the evidence upon which he relied could not have been timely discovered through the exercise of due diligence. Accordingly, the Supreme Court properly denied that branch of his motion which was to vacate the equitable distribution provisions of the judgment of divorce, in effect, pursuant to CPLR 5015 (a) (2). Furthermore, in light of the appellant's failure to comply with the child support provisions of the judgment of divorce, the Supreme Court providently exercised its discretion in denying that branch of his motion which was to compel the former wife (hereinafter the respondent) to transfer to him her interest in real property awarded to him by the judgment.

The appellant failed to demonstrate any basis for vacatur of the child support provisions of the judgment of divorce.

The Supreme Court providently exercised its discretion in enjoining the appellant from filing any further actions or motions in the matrimonial action without prior written approval. Public policy generally mandates free access to the courts (*see Sassower v Signorelli*, 99 AD2d 358, 359 [1984]). However, a party may forfeit that right if he or she abuses the judicial process by engaging in meritless litigation motivated by spite or ill will (*see Duffy v Holt-Harris*, 260 AD2d 595 [1999]; *Matter of Shreve v Shreve*, 229 AD2d 1005 [1996]). There is ample basis in this record to support the Supreme Court's determination to prevent the appellant from engaging in further vexatious litigation.

The Supreme Court properly granted the respondent's petition pursuant to CPLR article 52 to enforce a money judgment by directing the sale of real property pursuant to CPLR 5206 (e). In opposition to the petition, the appellant failed to demonstrate that the money judgment the respondent sought to enforce was invalid or had been previously vacated (*see Matter of Vogelgesang v Vogelgesang*, 71 AD3d 1155 [2010] [decided herewith]).

We do not reach the appellant's contentions challenging the support provisions of the judgment of divorce as they are not properly before this Court on this appeal.

The parties' remaining contentions are without merit. Mastro, J.P., Eng, Belen and Roman, JJ., concur.