■ ALEXANDER BREYTMAN, Appellant, v ROBERTA S. SCHECHTER, as Executor of DONALD SCHECHTER, Deceased, et al., Respondents, et al., Defendant. [957 NYS2d 145]—

The appeal from the intermediate order dated February 8, 2011, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on the appeal from the order dated February 8, 2011, are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]). Here, the defendants Roberta S. Schechter, as executor of the estate of Donald Schechter, and Donald Schechter, P.C. (hereinafter together the Schechter defendants), satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing the causes of action alleging legal malpractice. In opposition thereto, the plaintiff failed to raise a triable issue of fact (see Natale v Samel & Assoc., 308 AD2d 568, 569 [2003]; Schadoff v Russ, 278 AD2d 222, 223 [2000]).

As for the remaining causes of action, the Schechter defendants also made a prima facie showing of entitlement to judgment in their favor, in response to which the plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

The plaintiff failed to set forth any proof of the Supreme Court's bias or prejudice which would support recusal (see Walter v Walter, 62 AD3d 787, 788 [2009]).

The Supreme Court properly imposed a sanction upon the plaintiff for his frivolous conduct in connection with his motion, inter alia, for leave to reargue his opposition to the Schechter defendants' motion, among other things, for summary judgment dismissing the complaint insofar as asserted against them, as the plaintiff's motion was completely without merit in law and was undertaken primarily to harass Roberta S. Schechter (*see* 22 NYCRR 130-1.1).

Finally, while public policy mandates free access to the courts, "when a litigant is 'abusing the judicial process by hagriding individuals solely out of ill will or spite, equity may enjoin such vexatious litigation' " (*Matter of Simpson v Ptaszynska*, 41 AD3d 607, 608 [2007], quoting *Matter of Shreve v Shreve*, 229 AD2d 1005, 1006 [1996] [internal quotation marks omitted]). Here, the Supreme Court properly directed the plaintiff to seek leave of the "appropriate Administrative Justice or Judge" before filing any additional actions against the Schechter defendants (*see Matter of Simpson v Ptaszynska*, 41 AD3d at 608; *Matter of Pignataro v Davis*, 8 AD3d 487, 489 [2004]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.