■ NELLA MANKO, Appellant, v AETNA HEALTH, INC., et al., Respondents. [962 NYS2d 686]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), entered December 21, 2009, as denied her separate motions for leave to amend the complaint, denied those branches of her separate motion which were for leave to amend the complaint and to impose sanctions against the defendants, granted that branch of the motion of the defendant Dana A. Mannor which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against her, and granted the motion of the defendants Aetna Health, Inc., U.S. Healthcare, Inc., and Jane Doe pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and (2) from an order of the same court dated December 13, 2010, which denied her motion "for Leave to Restore [this action] to the Calendar."

Ordered that the order entered December 21, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated December 13, 2010, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the motion of the defendant Dana A. Mannor which was to dismiss the complaint insofar as asserted against her on the ground that the causes of action asserted against her were barred by the doctrine of res judicata (*see* CPLR 3211 [a] [5]; *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]; *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Coliseum Towers Assoc. v County of Nassau*, 217 AD2d 387, 390 [1996]). Likewise, the court properly granted that branch of the motion of the defendants Aetna Health, Inc., U.S. Healthcare, Inc., and Jane Doe (hereinafter collectively the Aetna defendants) which was to dismiss the first through fifth causes of action insofar as asserted against them on the ground that each of these causes of action was time-barred under the applicable statutes of limitation (*see* CPLR 3211 [a] [5]; 213 [2], [8]; 214 [5]; *Sabbatini v Galati*, 43 AD3d 1136, 1140 [2007]). In

addition, the Aetna defendants were entitled to dismissal of the sixth cause of action insofar as asserted against them on the ground that the plaintiff failed to state a cause of action (*see* CPLR 3211 [a] [7]; *Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000]; *Teller v Bill Hayes, Ltd.*, 213 AD2d 141, 145 [1995]). Moreover, the Aetna defendants were entitled to dismissal of the seventh cause of action insofar as asserted against them on the ground that the plaintiff lacked standing to assert a cause of action pursuant to Public Health Law § 4406-c (*see* CPLR 3211 [a] [3]; *Medical Socy. of State of N.Y. v Oxford Health Plans, Inc.*, 15 AD3d 206 [2005]).

The Supreme Court properly denied the plaintiff's motion "for Leave to Restore [this action] to the Calendar" on the basis that there were "no pending matters . . . requiring judicial intervention" (*see* 22 NYCRR 202.22).

The plaintiff's remaining contentions are without merit. Balkin, J.P., Leventhal, Roman and Cohen, JJ., concur.