■ In the Matter of JOHN MCNELIS, Respondent, v SUSAN CARRINGTON, Appellant. [963 NYS2d 298]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Rockland County (Warren, J.), entered March 9, 2012, which granted that branch of the father's motion, joined by the attorney for the children, which was to dismiss her application to modify a prior order of the same court dated May 13, 2011, entered on consent of the parties, terminating the mother's visitation with the parties' children, so as to award her, inter alia, visitation with the parties' children, and granted that branch of the father's motion which was to require the mother to seek permission of the court before filing future custody or visitation applications.

Ordered that the order entered March 9, 2012, is affirmed, without costs or disbursements.

Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the children (*see Matter of Krasner v Krasner*, 94 AD3d 763, 764 [2012]; *Matter of Figueroa v Lewis*, 81 AD3d 823, 823-824 [2011]; *see also* Family Ct Act § 467 [b] [ii]). Here, the Family Court was familiar with the parents from a multitude of court appearances held over the course of several years, permitted the mother to tender expert testimony in an attempt to substantiate the change in circumstances allegedly warranting a modification of the existing visitation arrangement, and reviewed a forensic report from a neutral evaluator. Contrary to the mother's contention, under the circumstances of this case, the Family Court properly granted that branch of the father's motion which was to dismiss her application without conducting a further hearing on the application (*see Matter of Johnson v Alaji*, 74 AD3d 1202 [2010]; *Matter of Potente v Wasilewski*, 51 AD3d 675, 676 [2008]; *cf. Matter of Donovan C.*, 65 AD3d 1041, 1042 [2009]).

Furthermore, while public policy mandates free access to the courts, "a party may forfeit that right if she or he abuses the judicial process by engaging in meritless litigation motivated by spite or ill will" (*Matter of Molinari v Tuthill*, 59 AD3d 722, 723 [2009]; *see Breytman v Schechter*, 101 AD3d 783 [2012]; *Sassower v Signorelli*, 99 AD2d 358, 359 [1984]; *Matter of Simpson v Ptaszynska*, 41 AD3d 607, 608 [2007]; *Matter of Pignataro v Davis*, 8 AD3d 487, 489 [2004]; *Matter of Shreve v Shreve*, 229 AD2d 1005, 1006 [1996]). Here, the Family Court providently exercised its discretion in granting that branch of the father's

motion which was to require the mother to seek permission of the court before filing future custody or visitation applications (*see Breytman v Schechter*, 101 AD3d at 784; *Matter of Molinari v Tuthill*, 59 AD3d at 723; *Matter of Simpson v Ptaszynska*, 41 AD3d at 608; *Pignataro v Davis*, 8 AD3d at 489; *Shreve v Shreve*, 229 AD2d at 1006). Contrary to the mother's contention, the Family Court's order did not direct that she undergo counseling or treatment as a pre-condition to filing future custody or visitation applications (*cf. Matter of Lane v Lane*, 68 AD3d 995, 997-998 [2009]).

The mother's remaining contentions are without merit. Mastro, J.P., Rivera, Chambers and Miller, JJ., concur.