■ ALEXANDER BREYTMAN, Appellant, v PINNACLE GROUP et al., Respondents, et al., Defendants. [973 NYS2d 262]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Lewis, J.), dated June 24, 2011, which granted that branch of the motion of the defendants Pinnacle Group, Pinnacle Managing Co., LLC, Olinville Realty, LLC, Joel Wiener, Harry Hirsh, Donna Fabrizio, Anthony Mota, and Sadat Redzematovic which was, in effect, to enjoin him from, inter alia, commencing any new actions against those defendants, purchasing any new index numbers, or filing any motions or cross motions, without leave of the court, and (2), as limited by his brief, from so much of an order of the same court dated October 21, 2011, as granted that branch of the motion of those defendants which was to dismiss the amended complaint insofar as asserted against them pursuant to CPLR 3211 (a) (5) and (7).

Ordered that the order dated June 24, 2011, is affirmed; and it is further,

Ordered that the order dated October 21, 2011, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the motion of the defendants Pinnacle Group, Pinnacle Managing Co., LLC, Olinville Realty, LLC, Joel Wiener, Harry Hirsh, Donna Fabrizio, Anthony Mota, and Sadat Redzematovic (hereinafter collectively the Pinnacle defendants) which was to dismiss the amended complaint insofar as asserted against them on the ground that the causes of action asserted against them were barred by the doctrine of res judicata (*see* CPLR 3211 [a] [5]; *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]; *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Manko v Aetna Health, Inc.*, 105 AD3d 814 [2013]). Furthermore, while public policy mandates free access to the courts, when a litigant is abusing the judicial process by harassing individuals solely out of ill will or spite, equity may enjoin such vexatious litigation (*see Breytman v Schechter*, 101 AD3d 783, 785 [2012]; *Matter of Simpson v Ptaszynska*, 41 AD3d 607, 608 [2007]; *Matter of Shreve v Shreve*, 229 AD2d 1005, 1006 [1996]). Here, the Supreme Court properly granted that branch of the Pinnacle defendants' motion which was, in effect, to enjoin the plaintiff from, inter alia, commencing any new actions against them, purchasing any new index numbers, or filing any motions or cross motions, without leave of the court (*see Breytman v Schechter*, 101 AD3d at 785; *Matter of Simpson v Ptaszynska*, 41 AD3d at 608; *Matter of Pignataro v Davis*, 8 AD3d 487 [2004]).

In light of our determination, the Pinnacle defendants' contention that the Supreme Court also properly directed dismissal of the amended complaint as time-barred is academic.

The plaintiff's remaining contentions are without merit.

We decline the Pinnacle defendants' request to impose sanctions against the plaintiff (*see generally* 22 NYCRR 130-1.1). Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.