■ In the Matter of KATHLEEN O'SHEA, Appellant, v EDWARD PARKER III, Respondent. [983 NYS2d 903]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals (1) from an order of the Family Court, Queens County (McGrady, Ct. Atty. Ref.), dated July 22, 2013, which denied, without a hearing, that branch of her petition which was to modify a prior order of the same court awarding sole custody of the parties' child to the father, and (2) from an order of same court, also dated July 22, 2013, which, without a hearing, granted the child's motion to vacate the existing order of visitation to the extent of temporarily reducing the mother's visitation.

Ordered that the orders dated July 22, 2013, are affirmed, without costs or disbursements.

Modification of an existing court-sanctioned custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child (*see Matter of McNelis v Carrington*, 105 AD3d 848, 849 [2013]; *Matter of Jean v Washington*, 71 AD3d 1145, 1146 [2010]). "A hearing is not automatically required [when] a parent seeks modification of a custody order. A person who seeks such a change must make some evidentiary showing to warrant a hearing" (*Matter of Jackson v Gangi*, 277 AD2d 383, 384

[2000] [internal quotation marks and brackets omitted]; *see Nusbaum v Nusbaum*, 106 AD3d 791, 793 [2013]). Here, the Family Court was familiar with the parties from a multitude of court appearances held over the course of several years. Before reaching its determination on the mother's application for a change in custody, the Family Court conducted an in camera interview of the then-13-year-old subject child, and reviewed a court-ordered investigative report prepared by the New York City Administration for Children's Services. Under these circumstances, the Family Court properly denied that branch of the mother's petition which was for a modification of custody without conducting a further hearing on the petition (*see Matter of McNelis v Carrington*, 105 AD3d at 849; *Matter of Jean v Washington*, 71 AD3d at 1146; *cf. Matter of Mohabir v Singh*, 78 AD3d 1056, 1057 [2010]; *cf. also Nusbaum v Nusbaum*, 106 AD3d 791 [2013]).

Furthermore, the Family Court possessed adequate relevant information to enable it to make an informed and provident visitation determination without conducting a hearing (*see Mohabir v Singh*, 78 AD3d at 1056-1057). To the extent that the Family Court relied upon the in camera interview of the child, who was then 13 years old, it was entitled to place great weight on the wishes of the child, who was mature enough to express them (*see id.* at 1056-1057; *Matter of Mera v Rodriguez*, 73 AD3d 1069, 1069-1070 [2010]). Mastro, J.P., Balkin, Sgroi and LaSalle, JJ., concur.