Panagoulopoulos v Carlos Ortiz Jr. MD, P.C. (2021 NY Slip Op 02807)





Panagoulopoulos v Carlos Ortiz Jr. MD, P.C.


2021 NY Slip Op 02807


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2018-09087
2018-12589
 (Index No. 21169/13)

[*1]Vassilis Panagoulopoulos, et al., appellants,
v
Carlos Ortiz Jr. MD, P.C., et al., respondents.


Vassilis Panagoulopoulos and Margarita Panagoulopoulos, Flushing, NY, appellants pro se.
Certilman Balin Adler & Hyman, LLP, East Meadow, NY (David I. Lieser of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful termination of employment, the plaintiffs appeal from (1) a decision of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), dated December 19, 2017, and (2) an order of the same court entered August 28, 2018. The order, upon the decision, denied the plaintiffs' motion for leave to amend the complaint, granted the defendants' cross motion pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions and for an award of costs and attorney's fees to the extent of directing the plaintiffs to pay the defendants' attorneys $4,000 in fees and expenses, and, sua sponte, enjoined the plaintiffs from filing future motions in this action without leave of the court.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, enjoined the plaintiffs from filing future motions in this action without leave of the court is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In November 2013, the plaintiffs commenced this action, inter alia, to recover damages for wrongful termination of employment. The defendants moved to dismiss the complaint, and the plaintiffs then moved on two separate occasions for leave to amend the complaint. In two separate orders, the Supreme Court granted the defendants' motion to dismiss the complaint and denied the plaintiffs' motions for leave to amend the complaint. This Court affirmed those orders (see Panagoulopoulos v Carlos Ortiz Jr. MD, P.C., 143 AD3d 791). Thereafter, the plaintiffs moved again for leave to amend the complaint. The Supreme Court denied the motion, and the denial was affirmed by this Court (see Panagoulopoulos v Carlos Ortiz Jr. MD, P.C., 143 AD3d 792).
Subsequently, the plaintiffs moved a fourth time for leave to amend the complaint. The defendants cross-moved pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions and for an award of costs and attorney's fees. The Supreme Court denied the plaintiffs' motion for leave to amend the complaint. The court granted the defendants' cross motion to the extent of directing the plaintiffs to pay the defendants' attorneys $4,000 in fees and expenses, and, sua sponte, enjoined the plaintiffs from filing future motions in this action without leave of the court. The plaintiffs appeal.
The Supreme Court properly denied the plaintiffs' motion for leave to amend the complaint. Since the Supreme Court previously issued an order granting the defendants' motion to dismiss the complaint, which order was affirmed by this Court (see Panagoulopoulos v Carlos Ortiz Jr. MD, P.C., 143 AD3d at 791), there continues to be no complaint before the court to amend (see Deutsche Bank Natl. Trust Co. v James, 164 AD3d 467, 469; Wells Fargo Bank, N.A. v Fanto, 146 AD3d 1012, 1012; Panagoulopoulos v Carlos Ortiz Jr. MD, P.C., 143 AD3d at 792). In any event, the proposed amendments were palpably insufficient or patently devoid of merit (see Dorce v Gluck, 140 AD3d 1111, 1112-1113), and the most recent version of the proposed amended complaint also did not clearly show the changes or additions to be made to the pleading (see CPLR 3025[b]).
Pursuant to the Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1(a), a court, in its discretion, may impose costs or financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct. Here, the Supreme Court did not improvidently exercise its discretion in granting the defendants' cross motion pursuant to 22 NYCRR 130-1.1 to the extent of directing the plaintiffs to pay attorneys fees incurred in connection with opposing the plaintiffs' subject motion since it was "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1[c]; see Bihn v Connelly, 162 AD3d 626, 628; Greene v Rachlin, 154 AD3d 814, 817).
Further, the Supreme Court providently exercised its discretion by enjoining the plaintiffs from filing additional motions in this action without leave of the court. While public policy generally mandates free access to the courts, "a party may forfeit that right if she or he abuses the judicial process by engaging in meritless litigation motivated by spite or ill will" (Matter of Pavic v Djokic, 152 AD3d 696, 697; see Perlman v Perlman, 163 AD3d 730, 732-733; Matter of Pignataro v Davis, 8 AD3d 487, 489). Here, the record reflects that the plaintiffs abused the judicial process through vexatious litigation since this was the plaintiffs' fourth motion for leave to amend the complaint, and the third such motion to be determined since the dismissal of the original complaint (see Strujan v Glencord Bldg. Corp., 137 AD3d 1252, 1254; Matter of McNelis v Carrington, 105 AD3d 848, 849-850).
The plaintiffs' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., AUSTIN, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court