Caesar v HSBC Bank USA, NA (2021 NY Slip Op 06982)





Caesar v HSBC Bank USA, NA


2021 NY Slip Op 06982


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2018-03199
 (Index No. 61658/17)

[*1]Francis M. Caesar, et al., appellants,
v
HSBC Bank USA, NA, etc., et al., respondents.


Francis M. Caesar, Chappaqua, NY, appellant pro se and for appellant Lisa N. Caesar.
Ballard Spahr LLP, New York, NY (Jacquelyn Schell of counsel), for respondent HSBC Bank USA, NA.
Sills Cummis & Gross P.C., New York, NY (Lori K. Sapir and Joshua N. Howley of counsel), for respondent Citibank, NA.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated January 31, 2018. The order (1) granted those branches of the motion of the defendant HSBC Bank USA, NA which were pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it, and for sanctions and certain injunctive relief to the extent of enjoining the plaintiffs from commencing any further action that has any relation to this matter without prior leave of the court, and (2) granted the separate motion of the defendant Citibank, NA pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with one bill of costs.
Contrary to the plaintiffs' contention, the Supreme Court properly granted that branch of the motion of the defendant HSBC Bank USA, NA which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it on the grounds of res judicata and collateral estoppel (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347; O'Brien v City of Syracuse, 54 NY2d 353, 357; Manko v Aetna Health, Inc., 105 AD3d 814). The court also properly granted the separate motion of the defendant Citibank, NA (hereinafter Citibank) pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. The complaint sought no relief against Citibank and it was not a necessary party to the action (see Roman v Emigrant Sav. Bank-Brooklyn/Queens, 111 AD3d 692; Sorbello v Birchez Assoc., LLC, 61 AD3d 1225, 1226).
Furthermore, while public policy mandates free access to the courts, "a party may forfeit that right if [that party] abuses the judicial process by engaging in meritless litigation motivated by spite or ill will" (Matter of Pignataro v Davis, 8 AD3d 487, 489; see Panagoulopoulos v Carlos Ortiz Jr. MD, P.C., 194 AD3d 728, 730; Breytman v Schechter, 101 AD3d 783, 785). Here, the record reflects that the plaintiffs abused the judicial process through vexatious litigation. Under the circumstances, the record supports the Supreme Court's determination to enjoin the [*2]plaintiffs from commencing any further action that has any relation to this matter without prior leave of the court (see Breytman v Schechter, 101 AD3d at 785; Matter of Simpson v Ptaszynska, 41 AD3d 607, 608; Matter of Shreve v Shreve, 229 AD2d 1005, 1006).
The plaintiffs' remaining contentions are without merit.
RIVERA, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court