"RB" v Beeler (2024 NY Slip Op 50033(U))

[*1]

"RB" v Beeler

2024 NY Slip Op 50033(U)

Decided on January 14, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 14, 2024
Supreme Court, Kings County

"RB," Plaintiff,

against
Harold B. Beeler, Defendant.

Index No. XXXXX

"RB," Plaintiff pro se.
Furman Kornfeld & Brennan LLP, New York City (Rachel Aghassi of counsel), for Defendant.

Aaron D. Maslow, J.

The following papers were read on these motions:
Submitted by Plaintiff:
Order to Show Cause; Affidavit of Plaintiff in Support; Part 130 Certification; Complaint; Verification of Crime/Lost Property to NYPD; Letter from NYC Department of Finance and City Register Documents; Affidavit of Service of Initiating Papers; Request for Judicial Intervention.
Submitted by Defendant:
Notice of Cross-Motion; Affirmation of Rachel Aghassi, Esq.; Prior Decisions and Orders; Documents Submitted in Prior Litigation; Defendant's $319,177.82 Check to Plaintiff, Nov. 22, 2019; Plaintiff's Documents in the Within Action; Affidavit of Harold B. Beeler, Esq.
At the close of oral argument in court on Friday, January 12, 2024, the parties were handed a preliminary version of this order. This order, in its present form, supersedes said version.
Upon the foregoing papers, and having heard oral argument and due deliberation having been [*2]had [FN1]
,
It is hereby ORDERED as follows:
Plaintiff's motion to rescind the sale of Plaintiff's former marital property is hereby DENIED; Defendant's cross-motion to dismiss pursuant to CPLR 3211 (a) (1) is hereby GRANTED. "A party may move for judgment dismissing one or more causes of action asserted against him on the ground that: 1. a defense is founded upon documentary evidence" (CPLR 3211 [a] [1]). Motions pursuant to CPLR 3211 (a) (1) "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of NY, 98 NY2d 314, 326 [2002]). "To constitute documentary evidence, the evidence must be 'unambiguous, authentic, and undeniable,' such as judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable" (Phillips v Taco Bell Corp., 152 AD3d 806, 807 [2d Dept 2017] [quoting Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997 (2d Dept 2010)] [emphasis added]).
Plaintiff contends that Plaintiff did not authorize Defendant to sell Plaintiff's real property as part of an underlying divorce proceeding. However, in a decision and order from Hon. Justice Lori S. Sattler in Supreme Court, New York County, dated October 6, 2017, in [ ], New York Co. Index [ ], Defendant, a retired judge, was appointed the receiver of the property and was empowered to direct all aspects of the sale of the subject real property, including the distribution of the proceeds to Plaintiff and her former husband, subject to an outstanding mortgage and other payments to be made. Then, in an order dated April 23, 2019, Justice Sattler amended the Court's prior order to allow Defendant to sign any documents related to the sale of the subject property. The deed of sale was signed on June 17, 2019, by Defendant, as receiver; he signed not only for Plaintiff but also for her former husband.
Thus, based on the judicial records provided by the Defendant, Plaintiff's argument has been utterly refuted as Plaintiff's authorization was deemed unnecessary by the courts. The sale had been authorized previously and Defendant was legally empowered to sign both her name and that of her former husband. Therefore, Plaintiff's motion is denied in its entirety, while Defendant's motion to dismiss is granted. The Supreme Court orders in New York County denying Plaintiff's motions constitute res judicata and collateral estoppel against her. There is absolutely no merit to the within Kings County action which only seeks to relitigate the court-ordered sale of the former marital home.
In the interests of expeditiously providing the parties with a final order of this Court, this Court will not relate the lengthy details of the proceedings heretofore had with regard to the former marital premises, but does incorporate by reference the detailed factual chronology submitted by Rachel Aghassi, Esq., counsel for Defendant, in paragraphs 10-19 in her affirmation. Her description of what has transpired is found completely accurate, as confirmed by the contents of her Exhibits A to L.
Unfortunately, what has transpired here is that Plaintiff refuses to acknowledge the reality of her divorce or impact of the court orders in her now-closed matrimonial case. She was divorced effective August 24, 2014, the date of the entry of the judgment of divorce. The then-marital home was to be sold, despite Plaintiff's opposition to same. It is time for her to move on and secure another premises in which to reside by using the money tendered to her from the sale of the former matrimonial home. The court system has accommodated her by repeatedly considering her numerous attempts to vacate the sale ordered within the matrimonial action. It is time for this matter to be laid to rest.
Due to Plaintiff's continuous filing of meritless motions, as demonstrated in Defendant's responsive papers, Plaintiff is ORDERED not to file any further summonses, complaints, motions, orders to show cause, notices of motion, or any other papers in any court in the State of New York in any county [*3]with respect to the subject property, [ ] West 10th Street, Brooklyn, New York 11223, without prior approval from the Supreme Court.[FN2]
 (Plaintiff may appeal this order and file such papers as are necessary to appeal and perfect an appeal to the Appellate Division.) This is because around 30 motions and/or applications have been filed by Plaintiff herein, which have been denied. This is derived from Justice Kathleen Waterman-Marshall's May 12, 2023 decision and order in [ ]. According to Justice Waterman-Marshall, Justice Francis A. Kahn prohibited Plaintiff was filing any further motions without prior court approval in his December 9, 2021 decision and order. Justice Waterman-Marshall likewise prohibited Plaintiff from filing any further motions in the divorce action. This continuous stream of filings in court constitutes vexatious litigation (see Breytman v Pinnacle Group, 110 AD3d 754 [2d Dept 2013]). While the previous prohibitions against Plaintiff may have been limited to filings in the matrimonial action, this Court orders that there be no more filings of any nature regarding the subject premises in any action heretofore commenced or to be commenced in any court in this state without prior Supreme Court approval.
Moreover, there is over $300,000 [FN3]
waiting for Plaintiff to collect from the New York County Clerk, resulting from the sale of the former marital property. In light of this, this Court declines to exercise any equitable powers it might have to grant any relief to Plaintiff.
Finally, inasmuch as Plaintiff is entitled to deposit said money, she is precluded from filing anything in any court as a poor person (see CPLR 1101).
SO ORDERED
E N T E R
___________________________
AARON D. MASLOW
Justice of the Supreme Court of the
State of New York

Footnotes

Footnote 1: The parties are reminded of the provisions requiring that an opinion or decision be included in the record on appeal should one be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2: Any applications shall be accompanied by a transcript of today's proceedings and a copy of this order.

Footnote 3: Per Justice Kathleen Waterman-Marshall, in [ ], New York Co. Index No [ ], $319,177.82 was deposited, with the Clerk's receipt no. [ ] reflecting the same.