Matter of Mercedes E. H. v Dexter R. N. (2025 NY Slip Op 01065)

Matter of Mercedes E. H. v Dexter R. N.

2025 NY Slip Op 01065

Decided on February 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 25, 2025

Before: Kern, J.P., Friedman, Kapnick, Rodriguez, O'Neill Levy, JJ. 

Docket No. V-29448-15/17C, V-32227-15/17C, V-29448-15/19H, V-3227-15/19H, V29448-15/18F-I, V-29448-15/19I, V-29448-15/19J, V-29448-15/20K, V-29448-15/18G, V-32227-15/19I, V-32227-15/20J , V-32227-15/18G|Appeal No. 3753|Case No. 2023-06777|

[*1]In the Matter of Mercedes E. H., Respondent-Petitioner-Appellant,
v
Dexter R. N., Petitioner-Respondent-Respondent.

Larry S. Bachner, New York, for appellant.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld counsel), for respondent.
The Children's Law Center, Brooklyn (Janet Neustaetter of counsel), attorney for the child.

Order, Family Court, Bronx County (E. Grace Park, J.), entered on or about December 1, 2023, which, to the extent appealed from, as limited by the briefs, granted the mother's petition to modify a prior order of custody dated September 7, 2016, to the extent of granting her sole legal and physical custody of the subject child, setting a parenting time schedule for the father which,among other things, afforded him two weekends per month with the child, and ordering make-up parenting time to the father for occasions on which the mother did not produce the child, unanimously affirmed, without costs.
The father was not denied a fair trial by virtue of the protracted nature of the modification proceedings. Although the COVID-19 pandemic exacerbated delays, as nonessential hearings were foreclosed for a period, and access to virtual court was limited, most of the delay in completing the custody modification hearing was occasioned by the father's actions in, among other things, refusing to proceed unless the judge recused herself, being unavailable for hearing appearances for months at a time, requesting adjournments, changing counsel, and delaying completion of the final forensic report.
Family Court's determination that it was in the child's best interests to modify the prior joint custody order and award the mother sole legal and physical custody of the child with parenting time to the father has a sound and substantial basis in the record (Matter of Llano v Barrezueta, 232 AD3d 606, 608-609 [2d Dept 2024]). Deterioration of the relationship constitutes a change of circumstances that requires modification of a custody agreement, and the parents agreed they could not get along and work together for the child's benefit (Matter of Gold v Khalifa, 223 AD3d 803, 804 [2d Dept 2024]; Matter of Michael B. v Dolores C., 113 AD3d 517, 518 [1st Dept 2014]). The parties' inability to reach a consensus or communicate on issues related to the child renders continued joint custody inappropriate (Matter of Candice W. v Gary Y., 187 AD3d 426, 426 [1st Dept 2020]).
Under the circumstances, because the child attended school in the Bronx and the father had voluntarily moved to Orange County, Family Court's award to the father of alternating weekends with the child, rather than three weekends per month, was warranted (see Matter of Ednie v Haniquet, 185 AD3d 1029, 1030 [2d Dept 2020]; cf. R.K. v R.G., 169 AD3d 892, 894-895 [2d Dept 2019]).
Although the mother did fail to produce the child on three occasions, Family Court providently exercised its discretion in ordering make-up parenting time for the father rather than imposing contempt penalties on the mother. Under the circumstances, the child's best interests were served by providing additional time with the father rather than fining or incarcerating the mother (see Matter of Pignataro v Davis, 8 AD3d 487, 488-489 [2d Dept 2004]; accord N.M. v R.G., 43 Misc 3d 289 [Sup Ct, Richmond County 2014]).
We have considered [*2]the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2025