■ Yvonne Clemons, Appellant, v Schindler Elevator Corporation, Respondent. [928 NYS2d 39]—

In December 2008, trial of this matter was adjourned to January 7, 2009 to accommodate the vacation plans of plaintiff's trial counsel. Several days later, plaintiff brought an order to show cause to remove the case from the trial calendar in order to permit amendment of her expert's report to assert an additional basis of liability. The motion was heard by Supreme Court (Judith J. Gische, J.) and denied in an order entered January 14, 2009. The unsigned transcript of the proceedings, reciting that it "constitutes the decision and order of the Court," was not filed until January 12, 2010.

After appearing before Justice Gische, the parties proceeded to the trial part, where plaintiff sought adjournment on the ground that trial counsel was on trial in another matter. After Judicial Hearing Officer (JHO) Gammerman indicated his acquiescence to the extent of adjourning trial for a few days, plaintiff's counsel requested that the court go off the record. When the proceedings resumed, JHO Gammerman ruled that it was dismissing the matter for failure to prosecute, stating that "it is a dismissal with prejudice, and the Clerk is directed to enter appropriate judgment." The transcript of these proceedings, likewise unsigned, was also not entered until January 12, 2010.

The ruling sought to be reviewed on this appeal is indeterminate. The notice of appeal dated January 13, 2010 recites that the appeal is taken "from the order of [Supreme] Court duly entered in the office of the Clerk on January 12, 2010." While the notice fails to specify the individual judge or judicial hearing officer, plaintiff's preargument statement (Rules of App Div, 1st Dept [22 NYCRR] § 600.17 [a]) identifies the ruling appealed from as that of Justice Gische. Finally, plaintiff's brief designates the question to be decided as whether the trial court committed an abuse of discretion in denying the motion to mark the matter off the trial calendar, leading to an order dismissing the case, and concludes that "the orders [sic] appealed from should be reversed."

Although the transcript of proceedings before JHO Gammerman indicates that, upon signing, it may be presented to the Clerk for entry of judgment, it is not signed and no subsequent proceedings are reflected in the record. Particularly, there is no indication that judgment was ever entered.

Neither of the decisions filed on January 12, 2010 constitutes an appealable paper (CPLR 5512 [a]), and this appeal must be

dismissed for lack of jurisdiction (*Matter of Grosso v Slade*, 179 AD2d 585, 586 [1992]). The ruling by Justice Gische was reduced to a short-form order duly entered on January 14, 2009 (CPLR 2219 [a]) but not appealed from. The JHO's decision was never presented for signature by a Supreme Court Justice, and there is no record of any judgment having been entered thereon from which an appeal could be taken. Concur—Tom, J.P., Saxe, Moskowitz, Acosta and Abdus-Salaam, JJ.