■ JOAN C. LIPIN, Appellant, v DANSKE BANK et al., Respondents. JOAN C. LIPIN, Appellant, v DANSKE BANK et al., Respondents, et al., Defendant. [13 NYS3d 389]—

Order, Supreme Court, New York County (Louis B. York, J.), entered June 24, 2014, which denied plaintiff's motion for a default judgment against defendants in action number one (index # 100807/13) on the ground that the court lacked jurisdiction due to removal of the action to federal court, and enjoined plaintiff from making additional motions in the action without the court's consent, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered July 18, 2013, which denied another motion for a default judgment on the same ground, unanimously dismissed, without costs, as untimely taken. Appeal from order, same court and Justice, entered September 24, 2013, which denied plaintiff's motion to reargue a motion for default judgment on the same ground, unanimously dismissed, without costs, as taken from a nonappealable paper. Order, Supreme Court, New York County (Louis B. York, J.) entered June 19, 2014, which denied plaintiff's four motions for default judgments against defendants in action number two (index # 155308/13) also on the ground of lack of jurisdiction due to removal of the action to federal court, and also enjoined plaintiff from making additional motions in the action without the court's consent, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered July 23, 2013, which denied another motion for default judgment on the same ground, unanimously dismissed, without

costs, as untimely taken. Appeal from order, same court and Justice, entered September 25, 2013, which denied plaintiff's motion to reargue her prior motion for default judgment on the same ground, unanimously dismissed, without costs, as taken from a nonappealable paper.

In these two related actions, the motion court properly denied plaintiff's motions for default judgments on the basis of lack of jurisdiction. Once the underlying actions were removed to the United States District Court for the Southern District of New York by the filing of the notice of removal with the state court, the state court no longer had jurisdiction to rule on plaintiff's motions (*see* 28 USC § 1446; *Clayton v American Fedn. of Musicians*, 243 AD2d 347 [1st Dept 1997]). The notice of removal was timely and properly filed (*see* 28 USC § 1446), and the District Court has original jurisdiction over claims alleging violations of federal statutes, as well as supplemental jurisdiction over the state claims, including the Judiciary Law § 487 claims, since they arose out of the same case or controversy (*see* 28 USC §§ 1331, 1367 [a]; 1441 [a]; *Eastern States Health & Welfare Fund v Philip Morris, Inc.*, 11 F Supp 2d 384, 388 [SD NY 1998]).

Furthermore, the court properly exercised its discretion in enjoining plaintiff from making any further motions in these actions without prior court approval given the frivolous motions she continued to file even after the action was removed to federal court, and after the motion court concluded that it lacked subject matter jurisdiction (*see Bikman v 595 Broadway Assoc.*, 88 AD3d 455 [1st Dept 2011], *lv denied* 21 NY3d 856 [2013]; *Jones v Maples*, 286 AD2d 639 [1st Dept 2001], *lv dismissed* 97 NY2d 716 [2002]). Concur—Tom, J.P., Andrias, Feinman, Gische and Kapnick, JJ.