Matter of Spectrum News NY1 v New York City Police Dept. (2020 NY Slip Op 00521)





Matter of Spectrum News NY1 v New York City Police Dept.


2020 NY Slip Op 00521


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Acosta, P.J., Renwick, Kapnick, Mazzarelli, JJ.


150305/16 -7807 -7828 -7949 -10494

[*1]In re Spectrum News NY1, Petitioner-Appellant,
v
New York City Police Department, et al., Respondents-Respondents. 
Reporters Committee for Freedom of the Press, ABC, Inc., The Associated Press, Association of Alternative Newsmedia, Atlantic Media, Inc., Brechner Center for Freedom of Information, Cable News Network, Inc., CBS Broadcasting Inc. on behalf of CBS News and WCBS-TV, Daily News, LP, The E.W. Scripps Company, First Look Media Works, Inc., Gannet Co., Inc., Hearst Corporation, Investigative Reporting Workshop at American University, Investigative Studios, The Marshall Project, MPA - The Association of Magazine Media, National Newspaper Association, The National Press Club, National Press Club Journalism Institute, National Press Photographers Association, NBCUniversal Media, LLC, New York Public Radio, The New York Times Company, The News Leader Association, Online News Association, POLITICO LLC, ProPublica, Radio Television Digital News Association, Society of Professional Journalists, Univision Communications Inc., VICE Media, WNET and Center for Constitutional Rights. Amici Curiae.


Patterson Belknap Webb & Tyler LLP, New York (Saul B. Shapiro of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York (Jeremy W. Shweder of counsel), for respondents.
Ballard Spahr LLP, New York (Thomas B. Sullivan of counsel), for
Reporters Committee for Freedom of the Press and ABC, Inc., The Associated Press, Association of Alternative Newsmedia, Atlantic Media, Inc., Brechner Center for Freedom of Information, Cable News Network, Inc., CBS Broadcasting Inc. on behalf of CBS News and WCBS-TV, Daily News, LP, The E.W. Scripps Company, First Look Media Works, Inc., Gannet Co., Inc., Hearst Corporation, Investigative Reporting Workshop at American University, Investigative Studios, The Marshall Project, MPA - The Association of Magazine Media, National Newspaper Association, The National Press Club, National Press Club Journalism Institute, National Press Photographers Association, NBCUniversal Media, LLC, New York Public Radio, The New York Times Company,
The News Leader Association, Online News Association, POLITICO LLC, ProPublica, Radio Television Digital News Association, Society of Professional Journalists, Univision [*2]Communications Inc., VICE Media, and WNET, amicus curiae.
Darius Charney, New York, for Center for Constitutional Rights, amicus curiae.



Appeal from purported order (denominated an interim decision), Supreme Court, New York County (Kathryn E. Freed, J.), entered January 30, 2019, which, insofar as appealed from as limited by the briefs, denied the petition brought pursuant to CPLR article 78 to direct respondents to disclose, pursuant to the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90), video footage from body cameras worn by officers of respondent New York City Police Department (NYPD), to the extent of permitting respondents to redact the faces of persons other than officers from any video footage recorded by the body-worn cameras and to redact certain communications between officers, and directed the parties to submit letters in preparation for a hearing on NYPD's ability to redact the records without unreasonable difficulty, unanimously dismissed, without costs, as taken from a nonappealable paper.
This proceeding stems from Spectrum News NY1's (Spectrum) attempts to gain access to video files from the voluntary body camera experiment. Specifically, Spectrum filed a FOIL request for unredacted videos from the NYPD's voluntary body camera program begun in 2014. NYPD denied the request, claiming that unredacted files were exempt from disclosure under FOIL. Spectrum then commenced this article 78 proceeding seeking a judgment compelling respondent NYPD to comply with its request. In a previous interim order, which is not the subject of this appeal, Supreme Court found that the article 78 petition and answer raise questions of fact as to whether complying with the request for unredacted videos would be unduly burdensome on respondent NYPD, necessitating a hearing on that issue.
Prior to the hearing, the parties stipulated that out of a disputed 328 videos, only 30 would be the subject of the hearing. Supreme Court then issued "an interim decision," which was not the product of a motion for relief. Instead, the "interim decision," among other things, permitted respondents to redact the faces of persons other than officers from any video footage recorded by the body cameras and to redact certain communications between officers, and directed the parties to submit letters in preparation for a hearing on NYPD's ability to redact the records without unreasonable difficulty. Then, rather than conducting the hearing, Supreme Court granted petitioner leave to appeal from the "interim decision."
This appeal is thus taken from an "interim decision," which is not an appealable paper. The lack of an appealable paper here deprives the Court of jurisdiction and requires dismissal of Spectrum's appeal, albeit without prejudice. Where, as here, a party brings an appeal from a nonappealable paper, this Court regularly dismisses the appeal for lack of jurisdiction (see e.g., Matter of Hannah O., 159 AD3d 650, 650 [1st Dept 2018[; Lipin v Danske Bank, 130 AD3d 470, 471 [1st Dept 2015], appeal dismissed 26 NY3d 992 [2015]; Clemons v. Schindler El. Corp., 87 AD3d 452, 453-454 [1st Dept 2011]). While there are instances where this Court has deemed a paper denominated as a "decision" to nonetheless be appealable because it contained all the hallmarks of an order (see e.g. Matter of Samantha F. [Edwin F], 169 AD3d 549, 549 [1st Dept 2019]) appeal dismissed 33 NY3d 1042 [2019], that is not the situation here. As Supreme Court itself noted, it issued the interim decision without any motion for relief pending. Instead, it appears that the court was limiting the scope of the hearing, and the decision did not result in any "order" being issued. In re Spectrum News NY1 v New York
City Police Department M-7807 &
M-7828 - Motions to file amicus briefs granted, and
the briefs deemed filed.
M-7949 - Motion to file response to amicus briefs
granted, and the brief deemed filed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK