Financial Freedom Acquisition, LLC v Braunsberg (2022 NY Slip Op 00302)





Financial Freedom Acquisition, LLC v Braunsberg


2022 NY Slip Op 00302


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-03534 
2017-03535
2017-03564
2017-04596
2017-10231
 (Index No. 41334/10)

[*1]Financial Freedom Acquisition, LLC, respondent,
v
Linda C. Braunsberg, etc., et al., appellants, et al., defendants. (Appeal Nos. 1, 2, 3, and 4) Financial Freedom Acquisition, LLC, respondent, Linda C. Braunsberg, etc., et al., defendants; Michael P. Braunsberg, etc., nonparty-appellant. (Appeal No. 5)


Michael P. Braunsberg, Staten Island, NY, nonparty-appellant pro se in Appeal No. 5 and for appellants in Appeal Nos. 1, 2, 3, and 4.
Bronster, LLP, New York, NY (Sean K. Monahan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Linda C. Braunsberg, Mary Diaz, Catherine Summa, and Giovanna Marie Colasanto appeal from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whalen, J.), dated July 27, 2015, (2) an order and judgment of foreclosure and sale (one paper) of the same court, also dated July 27, 2015, (3) an order of the same court dated August 17, 2015, and (4) an order of the same court dated April 11, 2017, and the nonparty-appellant Michael P. Braunsberg appeals from an order and judgment (one paper) of the same court dated August 4, 2017. The order dated July 27, 2015, insofar as appealed from, denied the motion of the defendants Linda C. Braunsberg, Mary Diaz, Catherine Summa, and Giovanna Marie Colasanto to stay the proceedings and to dismiss the complaint insofar as asserted against them due to the plaintiff's purported entry upon the mortgaged premises, and denied the separate motion of those defendants pursuant to CPLR 3126(3) to dismiss the complaint insofar as asserted against them. The order and judgment of foreclosure and sale dated July 27, 2015, inter alia, upon an order of the same court (Elizabeth Hazlitt Emerson, J.) dated April 4, 2012, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answers, and for an order of reference, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and directed the sale of the real property at issue. The order dated August 17, 2015, denied, as academic, the motion of those defendants pursuant to CPLR 6513 to dismiss the complaint insofar as asserted against them, and their separate motion to cancel the notice of pendency. The order dated April 11, 2017, insofar as appealed from, (a) denied the motion of those defendants to stay the proceedings due to alleged violations by the plaintiff of CPLR 2219 and 2220, and for leave to renew their prior [*2]motion to cancel the notice of pendency, which had been denied in the order dated August 17, 2015, (b) denied their separate motion, in effect, for leave to reargue their opposition to the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, which had been granted in the order and judgment of foreclosure and sale, and (c) granted that branch of the plaintiff's motion which was to enjoin those defendants from filing any motion or application for relief of any kind, on notice or ex parte, without first obtaining an order from the court expressly permitting such filing. The order and judgment dated August 4, 2017, granted that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1(c) for an award of costs against the nonparty-appellant Michael P. Braunsberg, counsel for those defendants, and thereupon, is in favor of the plaintiff and against the nonparty-appellant Michael P. Braunsberg, personally, in the sum of $10,692, payable to the attorney for the plaintiff.
ORDERED that the appeal from so much of the order dated April 11, 2017, as denied that branch of the motion of the defendants Linda C. Braunsberg, Mary Diaz, Catherine Summa, and Giovanna Marie Colasanto which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from the order dated July 27, 2015, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that the order dated August 17, 2015, is affirmed; and it is further,
ORDERED that the order dated April 11, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that the order and judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated July 27, 2015, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In November 2010, the plaintiff commenced this action against, among others, the defendants Linda C. Braunsberg, individually and as distributee and executrix of the estate of Mary Falcone, and Mary Diaz and Catherine Summa, as heirs at law of the estate of Mary Falcone, and Giovanna Marie Colasanto, as alternate devisees of the estate of Mary Falcone (hereinafter collectively the defendants), to foreclose a reverse mortgage executed in April 2008 by the now-deceased mortgagor, Mary Falcone. In an order dated April 4, 2012 (hereinafter the April 2012 order), the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answers, and for an order of reference. The defendants did not appeal from the April 2012 order.
In an order dated July 27, 2015, the Supreme Court, inter alia, denied the defendants' motion to stay the proceedings and to dismiss the complaint insofar as asserted against them due to the plaintiff's purported entry upon the mortgaged premises, and denied those defendants' separate motion pursuant to CPLR 3126(3) to dismiss the complaint insofar as asserted against them. The defendants appeal from this order.
In an order and judgment of foreclosure and sale, also dated July 27, 2015, upon the April 2012 order, the Supreme Court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the real property at issue. The defendants appeal from the order and judgment of foreclosure and sale.
Thereafter, additional motion practice ensued. In an order dated August 17, 2015, the Supreme Court denied, as academic, the defendants' motion pursuant to CPLR 6513 to dismiss the complaint insofar as asserted against them, and their separate motion to cancel the notice of pendency. In an order dated April 11, 2017, the court, inter alia, (a) denied the defendants' motion to stay the proceedings due to alleged violations by the plaintiff of CPLR 2219 and 2220, and for leave to renew their prior motion to cancel the notice of pendency, which had been denied in the order dated August 17, 2015, (b) denied the defendants' separate motion, in effect, for leave to reargue their opposition to the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, which had been granted in the order and judgment of foreclosure and sale, and (c) granted that branch of the plaintiff's motion which was to enjoin the defendants from filing any motion or application for relief of any kind, on notice or ex parte, without first obtaining an order from the court expressly permitting such filing. In an order and judgment dated August 4, 2017, the court granted that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1(c) for an award of costs against the defendants' counsel, nonparty Michael P. Braunsberg (hereinafter the nonparty-appellant), and thereupon, awarded judgment in favor of the plaintiff and against him, personally, in the sum of $10,692, payable to the attorney for the plaintiff. The defendants appeal from these orders and the nonparty-appellant appeals from the order and judgment.
The Supreme Court properly denied the defendants' motion inter alia, to stay the proceedings, as the motion was not based upon personal knowledge of the facts but was supported only by an affirmation by defense counsel that was of no probative or evidentiary significance (see United Specialty Ins. v Columbia Cas. Co., 186 AD3d 650, 651; Onewest Bank, FSB v Michel, 143 AD3d 869, 871).
The Supreme Court also properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, as the referee's findings are supported by the record (see Wells Fargo Bank, N.A. v Pinnock, 197 AD3d 680, 682; U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020).
The Supreme Court also properly denied, as academic, the defendants' motion pursuant to CPLR 6513 to dismiss the complaint insofar as asserted against them, and their separate motion to cancel the notice of pendency, because at that time, the action had been removed to federal court, leaving the court without jurisdiction to entertain those motions (see e.g. Lipin v Danske Bank, 130 AD3d 470, 471).
The Supreme Court properly denied that branch of the defendants' motion which was for leave to renew their prior motion to cancel the notice of pendency, because the defendants failed to present any new facts that would change the prior determination (see CPLR 2221[e]; Cesarz v O'Reilly, 194 AD3d 1007, 1008). The court also providently exercised its discretion in granting that branch of the plaintiff's motion which was to enjoin the defendants from filing additional motions in this action without leave of court. "While public policy generally mandates free access to the courts, 'a party may forfeit that right if she or he abuses the judicial process by engaging in meritless litigation motivated by spite or ill will'" (Panagoulopoulos v Carlos Ortiz Jr. MD, P.C., 194 AD3d 728, 730, quoting Matter of Pavic v Djokic, 152 AD3d 696, 697 [citations omitted]). Here, the record reflects that the defendants abused the judicial process through vexatious litigation with no legal merit (see Panagoulopoulos v Carlos Ortiz Jr. MD, P.C., 194 AD3d at 729-730; Breytman v Pinnacle Group, 110 AD3d 754, 755).
Further, contrary to the nonparty-appellant's contention, the Supreme Court did not improvidently exercise its discretion in granting that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1(c) for an award of costs to the extent of directing him to pay $10,692 in attorney's fees incurred by the plaintiff in connection with opposing the defendants' motions, since their motions were "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1[c][1]; see Panagoulopoulos v Carlos Ortiz Jr. MD, P.C., 194 AD3d at 729; see e.g. Board of Mgrs. of Foundry at Washington Park Condominium v Foundry Dev. Co., Inc., 142 AD3d 1124, 1125).
The parties' remaining contentions are without merit.
DUFFY, J.P., BARROS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court