Wilmington Trust, N.A. v Reed (2022 NY Slip Op 06158)

Wilmington Trust, N.A. v Reed

2022 NY Slip Op 06158

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-00241
 (Index No. 21717/10)

[*1]Wilmington Trust, National Association, etc., respondent, 
v
Ann Reed, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Stephen Alexander Biolsi and Joseph Jacobson of counsel), for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Kenneth J. Flickinger of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ann Reed appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated October 23, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court also dated October 23, 2019, inter alia, granting those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
The plaintiff's predecessor in interest commenced this action against, among others, the defendant Ann Reed (hereinafter the defendant) to foreclose a mortgage on property located in Brooklyn. The plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. In an order dated October 23, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion. On the same day, the court issued an order and judgment of foreclosure and sale. The defendant appeals.
Contrary to the defendant's contention, the failure of the referee to conduct a hearing does not require reversal of the order and judgment of foreclosure and sale insofar as appealed from, as the defendant had the opportunity to submit relevant evidence to the Supreme Court (see Christiana Trust v Campbell, 202 AD3d 750, 751; Hartford Funding, Ltd. v Harris, 193 AD3d 1035, 1036; Bank of N.Y. Mellon v Viola, 181 AD3d 767, 769-770).
Moreover, the referee's findings were substantially supported by the record (see Financial Freedom Acquisition, LLC v Braunsberg, 201 AD3d 788, 792). The plaintiff provided affidavits of two officers of Select Portfolio Servicing, Inc. (hereinafter SPS), the plaintiff's servicing [*2]agent and attorney-in-fact. The business records on which the officers relied were annexed to their affidavits. Contrary to the defendant's contention, the affidavits were sufficient to lay a proper foundation for the admission of business records created by a prior loan servicer, as each officer made the requisite showing that the prior servicer's records were incorporated into SPS's own records and routinely relied upon by SPS in its business (see U.S. Bank N.A. v Kropp-Somoza, 191 AD3d 918, 921; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale.
IANNACCI, J.P., RIVERA, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court