Wells Fargo Bank, N.A. v O'Brien (2025 NY Slip Op 00122)

Wells Fargo Bank, N.A. v O'Brien

2025 NY Slip Op 00122

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2023-00041
 (Index No. 606899/16)

[*1]Wells Fargo Bank, N.A., appellant,
v
Francis K. O'Brien, etc., respondent.

Ronald D. Weiss, P.C., Melville, NY, for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Manik J. Saini of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from an order of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), dated October 24, 2022. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and denied the defendant's cross-motion to reject the referee's report, to direct the referee to hold a hearing, and to reduce the accumulation of interest on the mortgage loan.
ORDERED that the order is affirmed, with costs.
On November 15, 2010, the defendant executed a note in the amount of $472,971 in favor of Vanguard Funding, LLC (hereinafter Vanguard). The note was secured by a mortgage on certain real property located in Suffolk County.
On April 29, 2016, the plaintiff, Vanguard's successor in interest, commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer on May 10, 2016. In an order dated April 12, 2018, the Supreme Court granted the plaintiff's unopposed motion for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, amended the caption so as to remove the other named defendants, and appointed a referee to compute the amount due on the note.
On or about July 23, 2018, the plaintiff moved for a judgment of foreclosure and sale. The defendant cross-moved to dismiss the complaint. The plaintiff withdrew its motion in September 2018. In a letter to the Supreme Court dated September 20, 2018, the plaintiff explained that it withdrew its motion because the defendant had submitted a loss mitigation application. In a letter dated January 24, 2020, the defendant withdrew his cross-motion.
On February 3, 2020, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In support of the motion, the plaintiff submitted the referee's report, which concluded that the defendant owed a total of $567,698.91 as of May 21, 2018. The defendant opposed the motion and cross-moved to reject the referee's report, to direct the referee to hold a hearing, and to reduce the accrual of interest on the mortgage loan. In an order dated October 24, 2022, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. [*2]The defendant appeals.
The Supreme Court providently exercised its discretion in denying that branch of the defendant's cross-motion which was to reduce the accrual of interest on the mortgage loan. "'A foreclosure action is equitable in nature and triggers the equitable powers of the court'" (Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1393-1394, quoting Rajic v Faust, 165 AD3d 716, 717). "Once equity is invoked, the court's power is as broad as equity and justice require" (id. at 1394 [internal quotation marks omitted]; see Rajic v Faust, 165 AD3d at 718). "'In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party'" (Onewest Bank, FSB v Kaur, 172 AD3d at 1394, quoting BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862 [internal quotation marks omitted]; see CPLR 5001[a]). Here, contrary to the defendant's contention, the defendant failed to demonstrate that the plaintiff delayed in prosecuting the action and, therefore, that the defendant was entitled to a reduction of the accrual of interest on the mortgage loan (see Board of Mgrs. of the Poseidon Condominium v Constantino Prop. Mgt., LLC, 224 AD3d 650, 651-652; Wells Fargo Bank, N.A. v Chun Fei Lee, 208 AD3d 1384, 1386).
The Supreme Court also properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. A referee's report should be confirmed whenever the findings are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility (see Pennymac Corp. v Pryce, 211 AD3d 1029, 1030; Matter of Cincotta, 139 AD3d 1058, 1059). The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute (see Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1236-1237). Here, contrary to the defendant's contention, the referee's report was not premised upon unproduced business records and, in fact, was substantially supported by the record (see Wilmington Trust, N.A. v Reed, 210 AD3d 731, 732; Financial Freedom Acquisition, LLC v Braunsberg, 201 AD3d 788, 792).
Moreover, the defendant was not prejudiced by the referee's failure to hold a hearing. "Where, as here, a defendant had an opportunity to raise questions and submit evidence directly to the Supreme Court, which evidence could be considered by the court in determining whether to confirm the referee's report, the defendant is not prejudiced by any error in failing to hold a hearing" (Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770; see U.S. Bank N.A. v Mays, 221 AD3d 934, 935).
Accordingly, the Supreme Court properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and denied the defendant's cross-motion to reject the referee's report, to direct the referee to hold a hearing, and to reduce the accrual of interest on the mortgage loan.
LASALLE, P.J., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court