Bey v City of New York (2025 NY Slip Op 05569)

Bey v City of New York

2025 NY Slip Op 05569

Decided on October 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 09, 2025

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ.

Index No. 153420/24|Appeal No. 4917-4917AM-4853|Case No. 2024-06859 2024-06996|

[*1]Vicky Ware Bey etc., Plaintiff-Appellant,

v

City of New York, et al., Defendants-Respondents.

Vicky Ware Bey, appellant pro se.

Muriel Goode-Trufant, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondents.

Order, Supreme Court, New York County (Hasa A. Kingo, J.), entered June 18, 2024, which denied plaintiff's motions for default judgment against defendants and dismissed this hybrid proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Order, same court and Justice, entered July 22, 2024, which denied plaintiff's motions for default judgment and vacatur of the June 18, 2024 order as duplicative and frivolous, and enjoined plaintiff from filing any further motions without leave of court, unanimously affirmed, without costs.

Supreme Court correctly denied plaintiff's motions for default judgment because she failed to satisfy the requirements of CPLR 3215(f) (see Matter of Petre v Lucia, 205 AD3d 438, 438 [1st Dept 2022]). Plaintiff failed to provide sufficient proof of service under CPLR 306(a), as the affirmation of service submitted by plaintiff did not specify the papers served, the person who was served, and the date, time, and address. Moreover, plaintiff's method of service, using priority mail, is insufficient to serve the City of New York (CPLR 311[a][2]; see Bik Ying Lau v Yat Tang Ng, 303 AD2d 287, 287 [1st Dept 2003]). Additionally, plaintiff failed to submit proof of facts constituting her claim, as her allegations of harassment, discrimination, and criminal conduct are conclusory (see Figueroa v Relgold, LLC, 178 AD3d 425, 426 [1st Dept 2019]).

Supreme Court providently exercised its discretion in dismissing plaintiff's action for being duplicative of an action pending in Supreme Court, Kings County, in which plaintiff alleged substantially the same wrongdoing against the same defendants (see Simonetti v Larson, 44 AD3d 1028, 1028-1029 [2d Dept 2007]).

The court also providently exercised its discretion in prohibiting further motion practice in this action without leave of court (see Lipin v Danske Bank, 130 AD3d 470, 471 [1st Dept 2015], app dismissed 26 NY3d 992 [2015]). Plaintiff's own brief on appeal details her history of filing repetitive, vexatious, and frivolous motions.

M- 4853 — Bey v City of New York, et al.

Motion for a default judgment and other relief, denied. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 9, 2025